**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 98-1048

GLENN A. FROEMAN,

Petitioner,

versus

UNITED STATES OF AMERICA; RODNEY E. SLATER, in
his official capacity as U.S. Secretary of
Transportation; JANE F. GARVEY, in her offi-
cial capacity as acting Administrator, Federal
Highway Administration,

Respondents.

On Petition for Review of an Order of the Department of
Transportation.

Submitted: February 27, 1998          Decided: April 3, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and HALL, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Glenn A. Froeman, Petitioner Pro Se. Lynne Ann Battaglia, United
States Attorney, Perry F. Sekus, OFFICE OF THE UNITED STATES ATTOR-
NEY, Baltimore, Maryland, for Respondents.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Glenn Allen Froeman filed a "Petition to enjoin a U.S. regulation" requesting that this court enjoin Respondents from enforcing 49 C.F.R. § 392.5(a)(1), (2) (1997). Froeman asserts that § 392.5(a)(1), (2) violates the Constitution. We deny the petition.

Because Froeman's petition requests that this court prevent federal officials from taking certain actions, this petition may be construed as a petition for a writ of mandamus or prohibition. Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing he has "no other adequate means" to attain the relief he desires, and that his right to such relief is "clear and indisputable." Allied Chem. Corp. v. Diaflon, Inc., 449 U.S. 33, 35 (1980) (citations omitted).

The writ of prohibition is also an extraordinary remedy which should issue only when the petitioner's right to the remedy is clear and indisputable, see In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983), and when the petitioner has no other adequate means of relief. See In re Beard, 811 F.2d 818, 826 (4th Cir. 1987).

We deny Froeman's petition because he does not present extraordinary circumstances that require granting either writ. He fails to show that his right to relief is clear and indisputable or that he has exhausted all available means of relief. To the extent that

3

Froeman seeks to appeal an administrative action, his action is time-barred and this court is without jurisdiction. <u>See</u> 28 U.S.C. § 2344 (1994). We deny Froeman's "Application for Leave to Adduse [sic] Additional Evidence." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>